## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

In re:

Sean Maluyo Wells,
Joy Aquino Wells,

             Debtors.

Case No. 10-17516-RGM

Chapter 7

## MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)

Comes Now, W. Clarkson McDow, Jr., United States Trustee, and moves the court to dismiss this case because the granting of relief would be an abuse of the provisions of chapter 7 of the Bankruptcy Code pursuant to Section 707(b)(1) and (3). In support of this motion the following representations are made:

### Jurisdiction

(1)    The court has authority to hear and decide this matter. 28 U.S.C. § 1334(a) and (b).

(2)    This is a core proceeding. 28 U.S.C. § 157(a) and (b)(1).

### Statement of Facts

(3)    On September 3, 2010, the debtors filed a petition for relief under chapter 7 of the Bankruptcy Code. [Document # 1].

(4)    The debtors' debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." [Document # 1].

(5)     The debtors' household size is five.  *Schedule I* [Document # 1].

(6)     Sean Wells is employed as a special agent with the Department of Justice.  Joy Wells is employed with ATCC as a biologist.  *Schedule I* [Document # 1].

(7)     The debtors have one parcel of real estate, their former residence located at 1756 Grazziani Way, in Roseville, CA.  The amount of the secured claim on their house is $819,723.00.  *Schedule A-Real Property* [Document # 1].  The debtors intend to surrender their house.  *Chapter 7 Individual Debtor's Statement of Intention* [Document # 1].

(8)     The debtors have unsecured priority claims of $16,000 and $132,272 in unsecured nonpriority claims.  *Summary of Schedules* [Document # 1].

(9)     The debtors' combined monthly gross wages, salary and commissions is $17,008.  *Schedule I-Current Monthly Income of Individual Debtor(s), line 1*. [Document # 1].

(10)    The debtors listed the following as payroll deductions.  *Schedule I, line 4* [Document # 1]:

| 4. LESS PAYROLL DEDUCTIONS | DEBTOR | SPOUSE |
|---|---|---|
| a. Payroll taxes and social security | $1,945.66 | $888.00 |
| b. Insurance | | $108.00 |
| c. Union dues | | |
| d. Other (Specify) See Schedule Attached | $1,924.00 | $200.00 |

(11)    The debtors listed the following as other payroll deductions totaling $1,924 as mentioned above.  *Schedule I, Continuation Sheet* . [Document # 1].

| Other Payroll Deductions | DEBTOR | SPOUSE |
|---|---|---|

| | |
|---|---:|
| Retirement | $164.67 |
| TSP-FERS | $637.00 |
| TSP Loan Repayment | $933.83 |
| FSA Dependent Care | $21.67 |
| FSA Health Care | $166.83 |
| TIAA 403 | $200.00 |

(12)   The debtors' combined average monthly income is $11,942.34.  Schedule I, line 16 [Document # 1].

(13)   The debtors did not describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of Schedule I.  Schedule I, line 17 [Document # 1].

(14)   The debtors' monthly net income is a minus $1,354.66.  The debtors, however, have included in their expenses, mortgage payments totaling $4,000 ($3,000 for the 1st trust & $1,000 for the 2nd trust) for the property located at 1756 Grazziani Way, in Roseville, CA.  The debtors' statement of intent indicates they intend to surrender this property.  Once these mortgage payment amounts are added back in, the debtors will have $2,645.34 in excess monthly income.

(15)    The debtors' adjusted monthly net income, $2,645.34, times 60 equals $158,720, which can pay 100% of their unsecured priority & nonpriority claims, without making any other adjustments.

Argument

Summary

With the adjusted monthly net income, as outlined above, the debtors have the financial

means to repay their debts in full. Congress, in its wisdom, decided such individuals should do just that: repay their debts. In re Price, – F.3d. – 2009 WL 975796 (4th Cir. 2009) ("Congress undoubtedly did intend the BAPCPA to benefit unsecured creditors - by requiring those debtors with sufficient means to file under Chapter 13 rather than Chapter 7 ...") Granting individuals who can repay their debts a chapter 7 discharge would be an abuse.

(16)   The court may dismiss a case if it finds that the case was filed in bad faith or under the totality of the circumstances the debtor's financial situation demonstrates abuse. Section 707(b)(3)(A) and (B) states:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption ... does not arise or is rebutted, the court shall consider-
>    (A) whether the debtor filed the petition in bad faith; or
>    (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) if the debtor's financial situation demonstrates abuse.

(17)   Congress, by the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), made two significant changes to prior law. First, it reduced the threshold for dismissal from "substantial abuse" to simply "abuse." Second, it eliminated the presumption in favor of discharge of the debtor.

(18)   The change from the prior law's standard of "substantial abuse" to "abuse" was part of the overall effort by Congress to stem the increase in personal bankruptcy filings, reduce the "significant losses asserted to be associated with bankruptcy filings" that are borne by the general public, and close or reduce "the loopholes and incentives that allow and - sometimes -

even encourage opportunistic personal filings and abuse." H.R. Rep. 109-311 at 91-92 (2005).

(19)    BAPCPA eliminated the presumption in favor of the debtor's discharge that was the underpinning of the court's conclusion that ability to pay alone was an insufficient basis for dismissal of a debtor's chapter 7 case.

(20)    Other courts have noted that the standard for abuse under BAPCPA is lower than the prior law's "substantial abuse" standard, and that the debtor's ability to repay a portion of his or her unsecured nonpriority debt may constitute abuse under 11 U.S.C. § 707(b)(3).  See In re Mestemaker, 359 B.R. 849, 855, (Bankr. N.D. OH 2007)  ("the plain language of § 707(b)(3), read in conjunction with § 707(b)(1) and (2), is clear and compels a conclusion that a court must consider a debtor's actual debt-paying ability in ruling on a motion to dismiss based on abuse where the presumption does not arise or is rebutted.")

(21)    The debtors have the ability to repay their debts in full, and under the circumstances of this case, granting relief would be an abuse of the provisions of chapter 7 of the Bankruptcy Code.

Wherefore, the court should dismiss this case as an abuse pursuant to 11 U.S.C. §§ 707(b)(1) & (3).

December 13, 2010:                              W. Clarkson McDow, Jr.
                                                United States Trustee

                                                 /s/ Joseph A. Guzinski
                                                Joseph A. Guzinski, Assistant U.S. Trustee
                                                Office of United States Trustee
                                                115 South Union Street
                                                Alexandria, VA 22314
                                                (703) 557-7274

Certificate of Service

I hereby certify that on the 13th day of December, 2010, I mailed, first class, United States mail, postage fully prepaid, a true copy of this motion, and notice of motion and hearing to:

| Sean Maluyo Wells<br>Joy Aquino Wells<br>6731 Baron Rd.<br>McLean, VA 22101 | David Edgar Jones<br>11211 Waples Mill Rd. Suite 210<br>Fairfax, VA 22030 | Robert Ogden Tyler<br>Tyler, Bartl, Ramsdell & Counts, P.L.C.<br>300 North Washington Street, Suite 202<br>Alexandria, VA 22314 |
|---|---|---|

      /s/ Joseph A. Guzinski
      Joseph A. Guzinski